**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Ignacio Xalamihua**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **GGC Legacy Janitorial Services, LLC**; **George Johnson and Jane Doe Johnson**, a married couple; **Gabriel Martinez and Jane Doe Martinez**, a married couple; and **Calvyn Villarino and Jane Doe Villarino**, a Married Couple, | |
| Defendants. | |

Plaintiff, Ignacio Xalamihua ("Plaintiff" or "Ignacio Xalamihua"), sues the

Defendants GGC Legacy Janitorial Services, LLC, George Johnson and Jane Doe

Johnson, Gabriel Martinez and Jane Doe Martinez, and Calvyn Villarino and Jane Doe

Villarino ("Defendants" or "GGC Legacy Janitorial Services") and alleges as follows:

## **PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, liquidated damages,

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

<u>PARTIES</u>

7.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pima County, Arizona, and is a former employee of Defendants.

8.     At all material times, GGC Legacy Janitorial Services, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant GGC Legacy Janitorial Services, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

9.     At all relevant times, Defendant GGC Legacy Janitorial Services, LLC owned and operated as "GGC Legacy Janitorial Services," a commercial and residential janitorial and cleaning company in Maricopa County, Arizona.

10.     Under the FLSA, Defendant GGC Legacy Janitorial Services, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant GGC Legacy Janitorial Services, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of

Extreme Mist in relation to the company's employees, Defendant GGC Legacy Janitorial Services, LLC is subject to liability under the FLSA.

11.     Defendants George Johnson and Jane Doe Johnson are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  George Johnson and Jane Doe Johnson are owners of GGC Legacy Janitorial Services and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12.     Under the FLSA, Defendants George Johnson and Jane Doe Johnson are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants George Johnson and Jane Doe Johnson had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of GGC Legacy Janitorial Services in relation to the company's employees, Defendants George Johnson and Jane Doe Johnson are subject to individual liability under the FLSA.

13.     Defendants Gabriel Martinez and Jane Doe Martinez are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Gabriel Martinez and Jane Doe Martinez are owners of GGC Legacy Janitorial Services and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14.     Under the FLSA, Defendants Gabriel Martinez and Jane Doe Martinez are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Gabriel Martinez and Jane Doe Martinez had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of GGC Legacy Janitorial Services in relation to the company's employees, Defendants Gabriel Martinez and Jane Doe Martinez are subject to individual liability under the FLSA.

15.     Defendants Calvyn Villarino and Jane Doe Villarino are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Calvyn Villarino and Jane Doe Villarino are owners of GGC Legacy Janitorial Services and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16.     Under the FLSA, Defendants Calvyn Villarino and Jane Doe Villarino are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Calvyn Villarino and Jane Doe Villarino had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the

interest of GGC Legacy Janitorial Services in relation to the company's employees,

Defendants Calvyn Villarino and Jane Doe Villarino are subject to individual liability

under the FLSA.

17.     Plaintiff is further informed, believes, and therefore alleges that each of the

Defendants herein gave consent to, ratified, and authorized the acts of all other

Defendants, as alleged herein.

18.     Defendants, and each of them, are sued in both their individual and

corporate capacities.

19.     Defendants are jointly and severally liable for the injuries and damages

sustained by Plaintiff.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined

by the FLSA, 29 U.S.C. § 201, *et seq.*

21.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to

Defendants.

22.     At all relevant times, Defendants were and continue to be "employers" as

defined by the FLSA, 29 U.S.C. § 201, *et seq*.

23.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to

Defendants.

24.     At all relevant times, Plaintiff was an "employee" of Defendants as defined

by A.R.S. § 23-362.

25.     At all relevant times, Defendants were and continue to be "employers" of

Plaintiff as defined by A.R.S. § 23-362.

26. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

29. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

30. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## **FACTUAL ALLEGATIONS**

31. Defendants own and/or operate as GGC Legacy Janitorial Services, an enterprise doing business in Pima County, Arizona.

32. Defendant GGC Legacy Janitorial Services LLC operates a commercial and residential janitorial and cleaning company doing business in Pima County, Arizona.

33. Plaintiff was hired by Defendants in or about late October 2022 and worked about two workweeks for Defendants.

34. At all relevant times, Plaintiff worked for Defendants until approximately November 12, 2022.

35. At all relevant times, in his work for Defendants, Plaintiff worked as a night janitor, cleaning Safeway and Alberton's stores in Tucson, Arizona.

36.     Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of $17.

37.     At all relevant times, in his work for Defendants, Plaintiff was supposed to be paid weekly.

38.     Plaintiff worked approximately 30 hours in each of the two workweeks of his employment with Defendants.

39.     On or about November 5, 2022, Plaintiff received a check (the "November 5 Check") for work performed in his first workweek.

40.     Shortly thereafter, the November 5 Check returned as having nonsufficient funds.

41.     Plaintiff thereafter worked another workweek of about 30 hours for Defendants and never received a paycheck.

42.     Defendants did not pay Plaintiff for the final workweek of his employment with them.

43.     Plaintiff left his job with Defendants on or about November 12, 2022, because Defendants did not pay him for such work performed.

44.     Defendants never reimbursed Plaintiff for the November 10 Check.

45.     Defendants failed to compensate Plaintiff any wage whatsoever for the hours he spent working for Defendants during the only two workweeks of his employment with Defendant.

46.     As a result of not having paid any wage whatsoever to Plaintiff during his only two workweeks of employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

47.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his only two workweeks of employment with Defendants, Defendants violated 29 U.S.C. § 206(a).

48.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his only two workweeks of employment with Defendants, Defendants violated the AMWA, A.R.S. § 23-363.

49.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his only two workweeks of employment with Defendants, Defendants violated the AWA, A.R.S., § 23-351.

50.     Plaintiff was a non-exempt employee.

51.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52.     Plaintiff is a covered employee within the meaning of the FLSA.

53.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

55.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

1    amount as liquidated damages, interest, and reasonable attorney's fees and costs of this

2    action under 29 U.S.C. § 216(b).

3        56.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover

4    from Defendants compensation for unpaid minimum wages, an additional amount equal

5    to twice the unpaid minimum wages as liquidated damages, interest, and reasonable

6

7    attorney's fees and costs of this action under A.R.S § 23-363.

8        57.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover

9    from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial,

10

11   in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his

12   costs incurred under A.R.S. § 23-355.

13              **COUNT ONE: FAIR LABOR STANDARDS ACT**
                **FAILURE TO PAY MINIMUM WAGE**
14

15       58.    Plaintiff realleges and incorporates by reference all allegations in all

16   preceding paragraphs.

17
         59.    As a result of not paying Plaintiff any wage whatsoever for the hours he
18

19   worked during his only two workweeks of employment with Defendants, Defendants

20   failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

21       60.    Defendants' practice of failing or refusing to pay Plaintiff at the required
22
     minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).
23

24       61.    Plaintiff is therefore entitled to compensation for the full applicable

25   minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as

26   liquidated damages, together with interest, reasonable attorney's fees, and costs.

27

1    **WHEREFORE**, Plaintiff, Ignacio Xalamihua, respectfully requests that this

2    Court grant the following relief in Plaintiff's favor, and against Defendants:

3    A.    For the Court to declare and find that the Defendants violated minimum

4          wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper

5

6          minimum wages;

7    B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be

8          determined at trial;

9

10   C.    For the Court to award compensatory damages, including liquidated

11         damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

12   D.    For the Court to award prejudgment and post-judgment interest;

13   E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the

14         action pursuant to 29 U.S.C. § 216(b) and all other causes of action set

15

16         forth herein;

17   F.    Such other relief as this Court shall deem just and proper.

18   <u>**COUNT TWO: ARIZONA MINIMUM WAGE ACT**</u>
     <u>**FAILURE TO PAY MINIMUM WAGE**</u>
19

20   62.   Plaintiff realleges and incorporates by reference all allegations in all

21   preceding paragraphs.

22

23   63.   As a result of not paying Plaintiff any wage whatsoever for the hours he

24   worked during his only two workweeks of employment with Defendants, Defendants

25   failed or refused to pay Plaintiff the Arizona minimum wage.

26

27

64.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

65.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ignacio Xalamihua, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

66.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67.    As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

68.    Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

69.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

70.    Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Ignacio Xalamihua, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.     For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.     Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 6th day of January, 2023.

                                        BENDAU & BENDAU PLLC

                                        By: /s/ *Clifford P. Bendau, II*
                                        Clifford P. Bendau, II
                                        Christopher J. Bendau
                                        *Attorneys for Plaintiff*

## **VERIFICATION**

1

2       Plaintiff, Ignacio Xalamihua, declares under penalty of perjury that he has read the

3  foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4  asserted therein are true and based on his personal knowledge, except as to those matters

5  stated upon information and belief, and, as to those matters, he believes them to be true.

6

7

8

Ignacio Xalamihua atlahua (Jan 6, 2023 08:43 MST)

Ignacio Xalamihua

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-15-