**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Ignacio Xalamihua**, | No. 4:23-cv-00009-BGM |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS GGC LEGACY JANITORIAL SERVICES, LLC, AND GEORGE JOHNSON** |
| **GGC Legacy Janitorial Services, LLC**, et al., | |
| Defendants. | |

Pursuant to the Federal Rules of Civil Procedure 55, Plaintiff, Ignacio Xalamihua ("Plaintiff"), respectfully requests that the Court enter judgment by default against Defendants GGC Legacy Janitorial Services LLC and George Johnson ("Defendants").

**I.      Procedural History.**

Plaintiff filed his Complaint seeking unpaid minimum wages under the Fair Labor Standards Act ("FLSA") and unpaid minimum wages and unpaid wages under the Arizona Minimum Wage Act ("AMWA") and the Arizona Wage Act ("AWA"), respectfully, against Defendants on January 6, 2023.  (Doc. 1).  Defendant George

Johnson was served for himself and Defendants GGC Legacy Janitorial Services LLC on January 13, 2023. (Docs. 8-9). Plaintiff thereafter dismissed Defendants, Gabriel Martinez and Jane Doe Martinez and Calvyn Vallarino and Jane Doe Villarino on April 4, 2023. (Doc. 15). Plaintiff dismisses Defendant Jane Doe Johnson concurrently with the filing of this Motion.

The remaining Defendants' Answers were due on February 3, 2023. Defendants have failed to plead or otherwise defend and are now in default. The Clerk of the Court entered default against Defendants on July 27, 2023. (Doc. 17). Plaintiff now seeks default judgment against Defendants. In support of this request, Plaintiff relies upon the record in this case and his declaration submitted (attached as "**Exhibit A**").

II.     **Legal Standard**

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entrnm't Group v. Bryant*, No. 03-

6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004).  In determining damages, the Court can properly rely on declarations submitted by the Plaintiff.  Fed. R. Civ. P 55(b)(2).

## III.  Argument

### A.  Plaintiff has Met the *Eitel* Factors

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment.  Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

#### 1.  Possibility of Prejudice to the Plaintiff.

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered.  *Id*.  Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of her claims, and it would be without other recourse of recovery.  *See generally Elektra Entm't Group, Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005).

By virtue of their default, Defendants have admitted the allegations of the Complaint.  Defendants have declined to address the currently entered default against Defendants and are apparently refusing to participate in the litigation.  Because Defendants are refusing to participate in this litigation, a default judgment stands as

Plaintiff's only remaining act of recourse in this matter. This factor weighs heavily in favor of default judgment.

**2.      The Merits of the Claim and the Sufficiency of the Complaint**

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918. This factor also weighs heavily in favor of Plaintiff.

**3.      The Amount of Money at Stake**

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176.

Plaintiff does not have a complete time or pay records in his possession, and Defendants have not produced time records for Plaintiff as a result of their refusal to participate in this matter. The failure by an employer to keep and maintain adequate and accurate records for its employees violates the FLSA and 29 C.F.R. § 516's strict recordkeeping requirements. *See also* 29 C.F.R. §§ 516.2, 516.5, and 516.6. The 9th Circuit has held that an employer's lack of recordkeeping cannot be used to "penalize the employee by denying him recovery on the ground that he is unable to prove the precise extent of uncompensated work." *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986),

*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). In *Anderson*, the Supreme Court held,

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson*, 328 U.S. at 687-88.  Here, beyond sparse documentation, the only evidence available to deduce Plaintiff's hours worked are Plaintiff's estimates.  Further, under Arizona law, Defendants' lack of records raises the rebuttable presumption that they did not pay Plaintiff at least the required minimum wage.  A.R.S. § 23-364(D).

Defendants own and operate a commercial janitorial company.  Ex. A, at ¶ 7. Plaintiff worked for Defendants as a janitor, cleaning grocery stores in Tucson, Arizona, in his two workweeks with Defendants, from about October 2022 through about November 12, 2022*Id.*, at ¶¶ 5, 7.  Plaintiff's agreed-upon rate of pay was $17 per hour. *Id.* at ¶ 6.  He worked approximately 30 total hours over the course of each of his two workweeks of employment with Defendants, for a total of about 60 hours.  *Id.* at ¶ 8.  He

was not paid any wage whatsoever for such time worked because both paychecks he received from Defendants returned for nonsufficient funds. *Id.*, at ¶ 8; Complaint (Doc. 1), at ¶¶ 39-45. Defendants' failure to pay Plaintiff resulted in Plaintiff incurring damages for unpaid paid minimum wages, and unpaid regular wages. *See generally* Ex. A.

During the two workweeks of his employment with Defendants, Plaintiff worked approximately 60 hours. *Id.* at ¶ 8. At 60 hours, Plaintiff's unpaid federal minimum wages for those two weeks are $439.50 ($7.25 * 60). *Id.* At 60 hours, Plaintiff's unpaid Arizona minimum wages for those weeks week are $768 ($12.80 * 60). *Id.*

With regard to his regular rate of pay, Plaintiff's unpaid wage damages for those workweeks are $1,020 ($17 * 60). *Id.* at ¶ 10.

In summary, the following are Plaintiff's unpaid wages for the two workweeks of his employment, based on his reasonable estimates of time worked:

| Federal Minimum Wage | $439.50 |
| Arizona Minimum Wage | $768 |
| Regular Rate | $1,020 |

**4.   The Possibility of Dispute Concerning Material Facts**

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D Cal. Jan. 15, 2009). The fifth *Eitel* factor weighs in favor of default.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect. *Eitel*, at 1471-72. The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominical Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendants have actual notice of the filing of the action. Plaintiff served Defendant George Johnson personally for himself, for his company, GGC Legacy Janitorial Services LLC. (Docs. 8-9). Defendants were served personally and have actual knowledge of the action. *Id.*

Therefore, the default was not due to excusable neglect, and the sixth factor weighs in favor of default judgment.

### 6. The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily." *Id*.

As shown above, Defendants have been aware of the lawsuit since being served with it on January 13, 2023. They have declined to respond to it. Defendants have had ample time to answer or otherwise respond. Rather than participate and seek a decision on the merits of the claim, Defendants have chosen to ignore the lawsuit altogether.

Defendants cannot plausibly argue that they must have a decision on the merits after ignoring this lawsuit for months despite actual knowledge of the lawsuit and their obligations.

Therefore, Plaintiff has met all of the *Eitel* factors and the Court should enter default judgment against Defendants GGC Legacy Janitorial Services LLC and George Johnson.

**B.    The Court Should Grant a Liquidated Damages Award**

The FLSA provides that any employer who violates the minimum or overtime wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (9th Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); *see also Fontes v. Drywood Plus, Inc*. No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013). Double damages are the norm and single damages are the exception. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003).

In addition, the AMWA requires liquidated damages be awarded in "an amount equal to twice the underpaid wages." Arizona Revised Statutes ("A.R.S.") § 23-364(G).

In addition, the AWA provides that "if an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A).

Considering the foregoing, Plaintiff's various damages, fully liquidated, but exclusive of attorneys' fees and costs, are:

### i.     Federal Minimum Wage Liquidated Damages

Plaintiff's federal minimum wage damages of $439.50 must be doubled under 29 U.S.C. § 216(b) to $879.  This amount should be assessed against Defendants GGC Legacy Janitorial Services LLC and George Johnson, jointly and severally.

### ii.     Arizona Minimum Wage Liquidated Damages

Plaintiff's Arizona minimum wage damages of $768 must be trebled under A.R.S. § 23-364(G) to $2,304.  Because this amount engulfs Plaintiff's federal minimum wage damages, $2,304 is the appropriate total minimum wage award.  This amount should be assessed against Defendants GGC Legacy Janitorial Services LLC and George Johnson, jointly and severally.

### iii.     Arizona Unpaid Wages Must be Trebled

Plaintiff's unliquidated unpaid wages total $1,020, inclusive of unpaid regular wages and exclusive of overtime, and must be trebled to $3,060 under A.R.S. § 23-355. Because this amount engulfs Plaintiff's minimum wage damages, $3,060 is the appropriate total unpaid wages award.  This amount should be assessed against Defendant GGC Legacy Janitorial Services LLC.

Considering the foregoing, Plaintiff should be awarded total damages in the amount of $3,060 in trebled unpaid wages.

Of that $3,060, $2,304 (consisting of trebled unpaid minimum wage damages) should be awarded against all Defendants – GGC Legacy Janitorial Services LLC and

George Johnson jointly and severally, exclusive of attorneys' fees and costs, which both the FLSA and AMWA require, to be discussed in the following section.  29 U.S.C. § 216(b); *see also* A.R.S. § 23-364.  The remaining $756 in unpaid non-minimum wage and non-overtime damages should be awarded against Defendant GGC Legacy Janitorial Services LLC.  ARS § 23-355.

### C. Plaintiff is Entitled to Recover Attorneys' Fees and Costs

Plaintiff is entitled to his attorneys' fees and costs pursuant to 20 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages.  *See Orozco v. Borenstein*, 2013 WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory.").

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees.  *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013).  If the Court enters default judgment, Plaintiff will be the prevailing party for purposes of 29 U.S.C § 216(b)

and entitled to his attorneys' fees and costs. Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following any award of a default judgment.

### IV.  Conclusion

Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants GGC Legacy Janitorial Services LLC and George Johnson, individually and collectively, as follows:

Against GGC Legacy Janitorial Services LLC in the amount of $3,060;

Of that $3,060, against Defendants GGC Legacy Janitorial Services LLC and George Johnson in the amount of $2,304, jointly and severally.

Plaintiff further requests that the Court allow his to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C § 1961 and costs and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED this 7th Day of November 2023.

BENDAU & BENDAU PLLC

/s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th Day of November, 2023, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system. A copy of the foregoing was also sent via First Class Mail to the following:

> GGC Legacy Janitorial Services, LLC, via
> Legalinc. Corporate Services Inc., its
> Registered Statutory Agent
> 17470 N. Pacesetter Way
> Scottsdale, AZ 85255
>
> George Johnson
> 10000 N. 31st Ave., Ste. C201
> Phoenix, AZ 85051
>
> *Defendants GGC Legacy Janitorial Services LLC and George Johnson*

/s/ *Clifford P. Bendau, II*