**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ignacio Xalamihua,<br><br>          Plaintiff,<br><br>v.<br><br>GGC Legacy Janitorial Services LLC, et al.,<br><br>          Defendants. | No. CV-23-00009-TUC-BGM<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Costs Against All Defendants. (Doc. 27.) For the reasons that follow, the Court grants in part and denies in part Plaintiff's motion and awards him $5,806.50 in modified attorney fees and $772.45 in costs, for a total award of $6,578.95.

## BACKGROUND[1]

For two weeks in the fall of 2022, Plaintiff Ignacio Xalamihua worked as a night janitor for Defendants, GGC Legacy Janitorial Services, LLC, and George Johnson, cleaning grocery stores in Tucson, Arizona—without getting paid. (Doc. 1 at 7-8.) In January 2023, Plaintiff filed suit in this Court requesting unpaid minimum wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., the Arizona Minimum Wage Act (AMWA), A.R.S. § 23-363 et seq., and the Arizona Wage Act (AWA), A.R.S. § 23-350 et seq. (*Id*. at 10-14.) Despite being served with summons, a letter from Plaintiff's attorney, a copy of the verified complaint, and a magistrate judge jurisdiction consent form,

---
[1] A more extensive case background and procedural history can be found in the Court's Order granting Plaintiff's motion for entry of default judgment. (*See* Doc. 25 at 1-3.)

(*see* Docs. 8, 9), Defendants failed to respond to Plaintiff's complaint or participate in this litigation. On December 26, 2023, the Court granted Plaintiff's motion for entry of default judgment and awarded Plaintiff $3,060.00 in statutory damages. (Doc. 25.) The same day, default judgment was entered against Defendants. (Doc. 26.) On January 5, 2024, Plaintiff filed the motion for attorney fees and costs at hand. (Doc. 27.) This Order follows.

## LEGAL STANDARD

The FLSA requires that the prevailing party be awarded reasonable attorney fees and costs. 29 U.S.C. § 216(b). The prevailing party is one that "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). The method of determining reasonable attorney fees when the award is guided by statute is the lodestar method. *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *see also Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 485 (D. Ariz. 2019) (applying lodestar method to FLSA action). The lodestar method is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *McGrath v. Cnty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995). While the lodestar figure is "presumptively reasonable," the court may adjust the amount to account for the factors set forth in *Kerr v. Screen Extras Guild*, Inc., 526 F.2d 67, 70 (9th Cir. 1975). *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Those factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70, *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S.

557 (1992). It is the burden of the party seeking attorney fees to submit evidence of the hours worked and the rate paid. *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). The same party carries the burden of proving that the rate charged is in line with the "prevailing market rate [in] the relevant community." *Id.* (cleaned up).

**DISCUSSION**

Plaintiff brings the motion at hand requesting attorney fees at $445 per hour for 16.8 hours and $772.45 in costs, totaling $8,248.45 in attorney fees and costs. (Doc. 27 at 4-6.) Plaintiff seeks an additional $3,477.11 for prospective fees and costs "to be incurred in potential collection efforts." (*Id.* at 7.) While Plaintiff is the prevailing party in this action and is entitled to reasonable attorney fees and costs, the Court finds that an attorney fee of $395 per hour is more in line with the prevailing market rate in this community and that Plaintiff's attorney reasonably expended 14.7 hours on this litigation. Plaintiff fails to demonstrate that he is entitled to prospective collection costs or that the Court should increase the lodestar figure due to the *Kerr* factors outlined in his motion. Finally, the Court finds that Plaintiff is entitled to $772.45 in taxable costs, and it awards him $6,578.95 in attorney fees and costs.[2]

**I.     Plaintiff is Prevailing Party**

Plaintiff is the prevailing party in this action because he succeeded on the unpaid minimum wage claims that he originally sought. (*See* Doc. 25 at 9-11.) Courts in this district have recognized that where filing an action causes a defendant to pay unpaid wages, the plaintiff becomes the prevailing party and is entitled to attorney fees and costs. *See, e.g., Orozco v. Borenstein*, No. CV-11-02305-PHX-FJM, 2013 WL 4543836, at *2 (D. Ariz. Aug. 28, 2013). Here, Plaintiff is the prevailing party because of the Court's order granting him unpaid wages under three minimum-wage provisions. (Doc. 25.)

**II.    Lodestar Calculation**

    **A.     Reasonable Hourly Rate**

It is the burden of the party seeking an award of attorney fees to demonstrate that

---

[2] $395 per hour multiplied by 14.7 hours ($5,806.50) plus $772.45 in costs.

the rates requested are "in line with the prevailing market rate [in] the relevant community." *Carson*, 470 F.3d at 891 (cleaned up). To do so, the fee applicant must produce satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho*, 523 F.3d at 980 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Rates outside the forum may be used only if local counsel was unavailable. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Generally speaking, the relevant community is the forum in which the district court sits. *Id*.

While Plaintiff seeks an hourly rate of $445 for his attorney, the Court finds a reduced rate to be more reasonable. To support his proposition that a $445 hourly rate is reasonable, Plaintiff references prior fee awards in external communities such as the Western District of Pennsylvania and the Northen and Southern Districts of Ohio. (*See* Doc. 27 at 5.) Outside of referencing fee awards in other communities, or fee awards for contested wage and hour cases with dissimilar facts, Plaintiff neglects to support his elevated fee request with convincing evidence. (*See id*. at 6-13.) Moreover, the executed fee agreement that Plaintiff attaches to his motion fails to demonstrate that Plaintiff paid a predetermined $445 hourly rate for the services of his attorney. (*See* Doc. 27-1 at 2-9.) As such, the Court awards Plaintiff reasonable attorney fees in the amount of $395 per hour, which is the identical rate for the same attorney in two FLSA suits resolved less than a year ago. *See Aguirre v. Custom Image Pros LLC*, No. CV-23-00334-PHX-MTL, 2023 WL 5932805, at *2 (D. Ariz. Sept. 12, 2023) (awarding $395 hourly rate in uncontested wage action that resulted in default judgment); *Peralta v. Custom Image Pros LLC*, No. CV-23-00358-PHX-JAT, 2024 WL 620901, at *4 (D. Ariz. Feb. 14, 2024) (same).

### B.     Hours Reasonably Expended

When determining the reasonable amount of hours expended by an attorney, courts are instructed to exclude any fees incurred for clerical or administrative tasks. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them."); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (ruling that clerical tasks should be subsumed in firm overhead rather than billed at professional rates).  Clerical tasks include time spent drafting, editing, finalizing, and reviewing fee agreements with a client. *Gary*, 398 F. Supp. 3d at 487.  Time spent filing court documents and preparing and serving summons has also been excluded from fee awards. *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012); *see also Jimenez v. Terrific Tree Trimmer, LLC*, No. CV-22-01787-PHX-SPL, 2023 WL 4452077, at *2 (D. Ariz. July 11, 2023).  Finally, courts may decline to award attorney fees for time associated with defendants who were voluntarily dismissed by the plaintiff.  *Gary*, 398 F. Supp. 3d at 489 (citing *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1070 (N.D. Cal. 2012)).

Plaintiff asserts that his attorney devoted 16.8 hours to his case, and he attaches an attorney declaration reiterating that number. (*See* Docs. 27 at 6; 27-10, ¶ 13 at 6.)  Plaintiff also includes an itemization of his attorney's fees, which is broken down by date, description, and time. (*See* Doc. 27-9 at 2-3.)  Of the 16.8 hours that Plaintiff's attorney billed, 14.7 hours are compensable.  The Court deducts 2.1 hours from the total billed amount for the following nonreimbursable tasks:

| Date | Description | Time |
|---|---|---|
| 1/5/23 | Receive representation agreement, set up file | 0.1 hours |
| 1/6/23 | Finalize, file complaint | 0.1 hours |
| 1/9/23 | Send documents to process server | 0.2 hours |
| 1/11/23 | Email thread with process server | 0.3 hours |
| 1/12/23 | Email thread with process server | 0.1 hours |
| 2/23/23 | File service executed | 0.1 hours |
| 3/8/23 | Finalize, file Application for Entry of Default | 0.1 hours |
| 4/14/23 | Draft, file notice of dismissal of certain parties | 0.3 hours |
| 7/28/23 | Draft, file amended certificate of service | 0.2 hours |
| 11/7/23 | Draft, file motion of dismissal of Jane Johnson | 0.3 hours |

|  |  |  |
|---|---|---|
| 11/7/23 | File motion for default judgment | 0.1 hours |
| 11/8/23 | Send motion to chambers | 0.1 hours |
| 1/5/24 | Finalize, file motion for attorneys' fees | 0.1 hours |

### C. Lodestar Figure and Adjustment

The lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *McGrath*, 67 F.3d at 252. Plaintiff's attorney reasonably expended 14.7 hours on Plaintiff's behalf at a reasonable hourly rate of $395. As such, the lodestar figure is $5,806.50. The Court acknowledges that the lodestar amount may be increased or reduced based on any *Kerr* factors that have not been subsumed in the lodestar calculation. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). Here, however, the Court is unconvinced that any of the *Kerr* factors highlighted in Plaintiff's motion support an increased hourly rate for his attorney. Other courts in this district have come to the same conclusion. *See, e.g., Peralta v. Custom Image Pros LLC*, No. CV-23-00358-PHX-JAT, 2024 WL 620901, at *4 (D. Ariz. Feb. 14, 2024) (analyzing the *Kerr* factors and reducing Plaintiff's requested hourly rate of $445 to $395 in view of previous awards for similar cases in this district). As such, the Court declines to adjust the lodestar figure to comport with Plaintiff's request.

### D. Taxable and Non-Taxable Costs

In addition to attorney fees, Plaintiff seeks $772.45 in "out-of-pocket" costs and $3,477.11 in prospective costs "to cover anticipated costs of collecting on the anticipated forthcoming judgment." (Doc. 27 at 13.) Plaintiff's request for $772.45 in taxable costs is broken down into a $402 complaint filing fee and $370.45 in service costs. (*See* Doc. 27-9 at 3.) The Court finds these taxable expenditures reasonable and awards Plaintiff $772.45 in costs. While the Court finds Plaintiff's taxable costs reasonable, the same cannot be said for his request for prospective costs in the amount of $3,477.11. Plaintiff fails to support this request with any persuasive argument or controlling caselaw and the cases he cites to support his proposition fail to discuss their prospective cost awards with any substantive standards or analysis. *See, e.g., Million v. Pindernation Holdings LLC*,

No. CV-23-00072-PHX-MTL, 2023 WL 3585237, at *1 (D. Ariz. May 22, 2023). As such, Plaintiff's request for prospective collection costs are denied.

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorneys' Fees and Costs Against All Defendants (Doc. 27) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request for taxable costs is granted in the amount of $772.45. Plaintiff's request for attorney fees is granted in the amount of $5,806.50.

**IT IS FURTHER ORDERED** that Defendants GGC Legacy Janitorial Services, LLC, and George Johnson are jointly and severally liable for the full $6,578.95 in attorney fees and costs, plus post-judgment interest.

Dated this 4th day of March, 2024

Honorable Bruce G. Macdonald
United States Magistrate Judge